IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOAN M. MAVRINAC, M.D., M.PH., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1880 |
| | ) | Judge Nora Barry Fischer |
| | ) | |
| EMERGENCY MEDICINE | ) | |
| ASSOCIATION OF PITTSBURGH | ) | |
| (EMAP), MERCY HOSPITAL OF | ) | |
| PITTSBURGH, PITTSBURGH MERCY | ) | |
| HEALTH SYSTEM, and BRUCE A. | ) | |
| MACLEOD, M.D., FACEP, | ) | |
| INDIVIDUALLY and IN HIS OFFICIAL | ) | |
| CAPACITY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER OF COURT

AND NOW, this 30th day of August, 2007, upon consideration of the Mercy Defendants' First Motion in Limine to Exclude Testimony and Evidence Concerning Alleged Decisions Made and Actions Taken by EMAP and/or Bruce A. Macleod, M.D., FACEP Concerning Plaintiff's Employment, and Memorandum of Law in Support (Docket No. 119), Plaintiff's response thereto (Docket No. 159), the Mercy Defendants' Eighth Motion in Limine to Exclude Evidence Concerning the Bylaws and Rules and Regulations of Mercy and its Department of Emergency Medicine, and similar documents, and Memorandum of Law in Support (Docket No. 129), Plaintiff's response thereto (Docket No. 166), the Mercy Defendants' Tenth Motion in Limine to Exclude Evidence Regarding Communications Between Bruce A. Macleod and J. Penn Krause Concerning EMAP's Hiring of Bruce Rosenthal, M.D. and Memorandum of Law in Support

(Docket No. 131), Plaintiff's Omnibus Brief in response thereto (Docket No. 175), oral argument before this Court, and having reviewed the case law cited by the parties therein, this Court finds as follows:

Whether an employer may be considered a "joint employer" is a factual inquiry for the jury and requires examination of all the evidence relating to the control exercised by the employer over the work of the employees. *NLRB v. Browning-Ferris*, 691 F.2d 1117, 1121 (3rd Cir. 1982), *citing Boire v. Greyhound Corp.*, 376 U.S. 473, 481 (1964); *see also Zarnoski v. Hearst Bus. Communications Inc.*, 1996 U.S. Dist. LEXIS 181, *23 (E.D. Pa. 1996) (the determination of joint employment status is essentially a factual inquiry).

In an Order denying the Mercy Defendants' Motion for Summary Judgment (Docket No. 84), Judge Hardiman held that "material issues of fact" exist in this case regarding the nature of the employment relationship between the Mercy Defendants and the Emergency Medical Association of Pittsburgh ("EMAP"). Further, the Court finds that Plaintiff has alleged facts which, if true, could allow a jury to find that the Mercy Defendants and EMAP were joint employers of Plaintiff. Accordingly, this Court holds that because "differing inferences could be legitimately drawn" as to whether the Plaintiff was an employee of the Mercy Defendants the joint employer issue "is properly a matter for the factfinder to resolve." *Walker v. Correctional Meds. Sys.*, 886 F.Supp. 515, 512 (W.D. Pa. 1995), *citing Martin v. United Way of Erie County*, 829 F.2d 445 (3rd Cir. 1987). Moreover, the "precise contours of [this] employment relationship can only be established by a careful factual inquiry" of the evidence objected to in the Mercy Defendants' First, Eighth, and Tenth Motions in Limine (Docket Nos. 119, 129, and 131). *Graves v. Lowery*, 117 F.3d 723, 729 (3rd Cir. 1997).

Accordingly, it is HEREBY ADJUDGED, ORDERED, and DECREED that the Mercy

Defendants' First, Eighth, and Tenth Motions in Limine (Docket Nos. 119, 129, and 131), are DENIED, as the evidence objected to therein is relevant to the factual issue of whether the Mercy Defendants were one of the Plaintiff's joint employers, along with EMAP.

BY THE COURT:

*s/ Nora Barry Fischer*

Nora Barry Fischer
United States District Judge

cc/ecf: counsel of record