IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOAN M. MAVRINAC, M.D., M.PH., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-CV-1880 |
| | ) | Judge Nora Barry Fischer |
| | ) | |
| EMERGENCY MEDICINE | ) | |
| ASSOCIATION OF PITTSBURGH | ) | |
| (EMAP), MERCY HOSPITAL OF | ) | |
| PITTSBURGH, PITTSBURGH MERCY | ) | |
| HEALTH SYSTEM, and BRUCE A. | ) | |
| MACLEOD, M.D., FACEP, | ) | |
| INDIVIDUALLY and IN HIS OFFICIAL | ) | |
| CAPACITY, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

On this 21st day of November, 2007, upon consideration of Plaintiff's Motion in Limine to Preclude any Testimony, Argument, Reference, Suggestion or Evidence of Any Nature Regarding the Fact of Settlement or as to the Terms, Circumstances or Nature of any Settlement Agreement Between Plaintiff, EMAP and MacLeod [DE 144] ("Plaintiff's Motion") and Memorandum of Law in Support [DE 144-3], the Mercy Defendants' response thereto [DE 170], the Mercy Defendants' Fourth Motion in Limine for Leave to Present Testimony Regarding Fact of Settlement and Memorandum of Law in Support [DE 124] (the "Mercy Defendants' Motion"), Plaintiff's response thereto [DE 162], the Mercy Defendants' Motion to Compel Production of Settlement Agreement

1

[DE 90], Plaintiff's response thereto [DE 95] and the Mercy Defendants' Reply [DE 96] and oral argument before this Court, this Court HEREBY ORDERS as follows:

For the reasons set forth below, the Mercy Defendants' Motion [DE 124], is DENIED. In addition, Plaintiff's Motion in Limine [DE 144] to preclude testimony regarding the settlement agreement is GRANTED. Further, the Mercy Defendants' Motion to Compel [DE 90] is GRANTED to the extent that it seeks setoff.[1]

I. **Evidence of the Fact of Settlement Between Plaintiff, EMAP and MacLeod Is Inadmissible as Evidence at Trial (Plaintiff's Motion).**

The Mercy Defendants' Motion seeks leave to refer to the fact of the settlement between Plaintiff and former co-defendants EMAP and Dr. MacLeod[2] solely for the purpose of explaining to the jury why the Mercy Defendants are the only defendants appearing at trial in this case. Plaintiff's Motion seeks, in part, to preclude any reference to the fact of settlement before the jury at trial. Federal Rule of Evidence 408 generally prohibits the admission of evidence regarding the compromise of or attempt to compromise a claim. The Mercy Defendants argue, however, that Rule 408 does not operate to exclude evidence unless it is "offered to prove liability for or invalidity of the claim or its amount." Fed. R. Evid. 408.

---

[1] In an Order dated July 3, 2007 [DE 104], this Court denied the Mercy Defendants' Motion to Compel Production of the Settlement Agreement, but reserved judgment as to the Mercy Defendants' entitlement to set off and/or contribution. The Court disposes of that issue in this Order.

[2] Pursuant to this Court's Order of July 10, 2007, EMAP and Dr. MacLeod were dismissed from this action with prejudice. (Document No. 108). Plaintiff had entered into a confidential settlement agreement with Defendants EMAP and Dr. MacLeod, only. (Document No. 88 at ¶ 1). This Court conducted an in camera review of the settlement agreement. Following said review, the Court denied the Mercy Defendants' Motion to Compel Production of Settlement Agreement at Document No. 90. (Document No. 104).

In the absence of Third Circuit case law in support of their position that evidence of the fact of settlement is appropriate evidence in this case, the Mercy Defendants cite several Fifth Circuit cases. *See, e.g., Reichenbach v. Smith*, 528 F.2d 1072, 1074 (5th Cir. 1976); *Belton v. Fibreboard Corp.*, 724 F.2d 500 (5th Cir. 1984). Such cases no doubt have merit within the courts of the Fifth Circuit, however, they are not in line with the lower court decisions of the Third Circuit and/or Pennsylvania law, and therefore, are not persuasive to this Court.

As set forth in Plaintiff's Motion in Limine at Document No. 144, a recent case from the Middle District of Pennsylvania, as well as the policy of this jurisdiction to promote settlement, require a different result than the Fifth Circuit cases cited in the Mercy Defendants' Motion. In *Sweeten v. Layson's Home Improvement, Inc.*, 04-cv-2771, 2007 WL 1189359 (M.D.Pa., April 19, 2007), the court granted the plaintiff's motion in limine to preclude the defendant from offering any evidence as to plaintiff's settlements with two former third party defendants who were involved in allegedly causing the plaintiff's injury. The defendant argued that the settling defendants, who were expected to testify, might be inclined to testify more favorably to the plaintiff so that evidence of the settlement would counter potential bias. The court held that the settlement agreements did not demonstrate the bias envisioned by Rule 408(b) and, therefore, were inadmissible. The court cited the Advisory Committee notes to Rule 408 which state that "exclusion may be based on . . . . promotion of the public policy favoring the compromise and settlement of disputes." To hold otherwise, the court held, would "discourage future plaintiffs from settling with less than all defendants." *Id.* at *2; see also *Young v. Verson Allsteel Press Co.*, 539 F.Supp. 193, 196 (E.D.Pa. 1982) (admission of a settlement agreement into evidence conflicts with the policy underlying Rule 408). Moreover, the policies of Pennsylvania contract law protect a bargained for exchange between

3

parties, such as the confidentiality provision in the Settlement Agreement. *Greene v. Oliver Realty, Inc.*, 526 A.2d 1192, 1194 (Pa. Super. 1987).[3]

Further, Federal Rule of Evidence 403 generally precludes the admission of settlement agreements, the fact of settlement and the terms of settlement on public policy and relevancy grounds because its "minimal probative value is outweighed by the danger of unfair prejudice and misleading the jury." *Sweeten*, 2007 WL 1189359 at *3. Moreover, the prejudice created by admission of such evidence cannot be cured through a limiting instruction to the jury. *Id*.

Therefore, at trial there will be no statement, evidence, argument or inference concerning the settlement by defendants, EMAP and Dr. Macleod with plaintiff Joan M. Mavrinac, for the reasons stated above. The Court will instruct the jury at the outset of the case as follows:

> Plaintiff Joan M. Mavrinac brought this lawsuit against several defendants. Today, two defendants remain, namely The Mercy Hospital of Pittsburgh and Pittsburgh Mercy Health System. The other defendants have been dismissed from this case. It is not for you to wonder or speculate as to the cause of their dismissal. Rather, you have been sworn to try the issues between plaintiff Joan M. Mavrinac and defendants The Mercy Hospital of Pittsburgh and Pittsburgh Mercy Health System. Your verdict should only relate to plaintiff Joan M. Mavrinac's claims against those defendants. Initially, you will hear evidence and be asked to determine whether the Mercy Defendants were or were not joint employers of Plaintiff Joan M. Mavrinac.

---

[3]The Court notes, however, the Administrative Order of January 27, 2005, signed by Chief Judge Donetta W. Ambrose, which states that any provision in a confidentiality or protective order filed prior to June 30, 2005 that permits the parties to designate documents as confidential and file said documents with the Court under seal is null and void. Further, the Order states that, as to confidentiality and protective orders filed on or after July 1, 2005, the Court will not recognize any provision of such orders allowing for the automatic sealing of documents filed with the Court. Finally, on or after July 1, 2005, parties wishing to file documents under seal must first seek leave of Court to do so. Because this Order does not directly impact confidential settlement agreements and because the settlement agreement in this issue was not filed with the Court, the Court need not address the potential impact of this Administrative Order.

## II. Whether The Mercy Defendants Have a Right to Set Off in This Case Depends On Whether Joint Liability Exists (Mercy Defendants' Motion).

The Mercy Defendants also seek a ruling permitting reduction in any jury award by the amount of the settlement received by Plaintiff from EMAP and Dr. MacLeod. (*See* Document Nos. 90, 95). In support of their argument, the Mercy Defendants cite the Third Circuit's opinion in *Miller v. Apartments and Homes of New Jersey, Inc.*, 646 F.2d 101, 110 (3d Cir. 1981). In *Miller*, the court addressed a racial discrimination issue under the Fair Housing Act and 42 U.S.C.§ 1982 ("Section 1982") and in doing so, held that "in federal civil rights cases, where one or more defendants have settled with a plaintiff, the damages recoverable by the plaintiff shall be reduced by the amount of the settlement received." *Id.* at 110. *Miller* deals with set off, although *in dicta*, the court opined that, as to set off and contribution, "the two problems are so intertwined that they cannot sensibly be treated in isolation." *Id.* at n. 5. In addition, in *Miller*, the court addressed the rules of set off and contribution collectively as the "contribution rules." *Id.*

In concluding that set off and contribution are available in Section 1982 actions (and potentially civil rights actions in general), the court in *Miller* relied upon a prior Third Circuit case, *Glus v. G.C. Murphy Co.*, 629 F.2d 248 (3d Cir. 1980). In *Glus*, a female employee brought a class action under Title VII seeking damages on the basis of sex discrimination. Defendant G.C. Murphy Co. ("Murphy") filed cross claims against certain unions seeking contribution. Prior to trial, Murphy and the plaintiff class settled, but litigation continued on the cross claims. The district court held that both Murphy and the unions had violated Title VII, and that Murphy was entitled to contribution with respect to the Title VII settlement with plaintiffs. The Third Circuit affirmed the district court's

5

decision, holding that Murphy was entitled to contribution as a matter of federal common law. In *Miller*, the court adopted the court's analysis in *Glus*, holding that "[n]othing in [the *Glus* case] suggests that a different analysis or a different result should follow in civil rights cases." *Miller,* 646 F.2d at 107.

Shortly after the Third Circuit's decision in *Miller,* the United States Supreme Court decided *Northwest Airlines, Inc. v. Transport Workers Union of America*, 451 U.S. 77 (1981), which overruled the Third Circuit's decision in *Glus*. In *Northwest*, a case involving Title VII and Equal Pay Act claims, a union sought contribution in the amount provided by a settlement agreement between the plaintiff and Northwest. The Supreme Court addressed the issue of whether Title VII and the Equal Pay Act support a right to contribution. The Court held that neither Title VII nor the Equal Pay Act expressly creates a right to contribution in favor of employers. *Id*. Further, the Court held, Congress did not intend to imply a private right to contribution in favor of employers under Title VII or the Equal Pay Act. *Id.* at 94. Therefore, it would be improper to add a right to contribution to these laws. *Id*. at 98.

In addition to precluding a right to contribution in Title VII cases, Plaintiff argues that the Supreme Court's holding in *Northwest* bars the Mercy Defendants' right to set off as well. The Mercy Defendants, however, contend that the Supreme Court's holding in *Northwest* is limited to the right of contribution, not set off, and therefore, the holding in *Miller*, that set off is available in civil rights cases, is still good law. In support of this argument, the Mercy Defendants cite several district court cases.

In *Fishman v. De Meo*, 604 F.Supp. 873 (E.D.Pa. 1985), the court held that *Northwest* does not overrule the holding in *Miller* to the extent that *Miller* holds that *contribution* is available in

6

Section 1983 actions. *Id.* at 876 n.3. While this case does support the Mercy Defendants' argument that the Third Circuit's decision in *Miller* is not overruled in its entirety by *Northwest*, the holding explicitly limits its statement as to the viability of *Miller* to contribution with respect to Section 1983 claims.[4] Accordingly, *Fishman* addresses neither set off generally nor the availability of set off as to Title VII claims.

Next, the Mercy Defendants cite *Alexander v. Hargrove*, 1994 U.S. Dist. Lexis 11674 (E.D.Pa. 1994). Again, the court held that *Miller* is "still binding upon courts in this circuit in cases involving Section 1983 claims." *Id*. at *12 *citing Fishman v. DeMeo,* 604 F.Supp. at 875-77. In support of its analysis, the court distinguished *Miller* and *Hargrove* from *Northwest* because *Northwest* involved Title VII, a statute with "substantially different implementation language" compared to Section 1983. *Id.* at *14. Further, in *Alexander* and *Fischman*, both cases involving contribution, the courts held that although *Miller* is a case involving set off, not contribution, the courts were compelled to follow *Miller*. Accordingly, although not explicitly stated by the courts in *Fischman* and *Alexander*, the court's holding in *Miller* has not been overruled as it relates to set off in Section 1983 claims.

Therefore, while it is clear that, in this Circuit, contribution is not permitted as to Title VII claims and that set off is permitted as to Section 1983 claims, courts have not ruled on whether set off is available in Title VII actions. Indeed, case law from district courts around the country is

---

[4]District courts in this Circuit have held, however, that although *Miller* has not been explicitly overturned as it relates to Section 1983 claims, its precedential value is dubious given decisions to the contrary of other circuit and district courts outside of the Third Circuit, and the fact that the case upon which *Miller* based its analysis, *Glus*, has been overturned. *Diaz-Ferrante v. Rendell*, Case No. 95-4530, 1998 WL 195683 *4 (E.D.Pa. Mar. 30, 1998).

7

inconclusive on this issue.[5]

For example, in *Velez v. Roche*, 335 F.Supp.2d 1022 (N.D.Cal. 2004), a female physician brought a Title VII action against the United States Air Force ("AF") alleging gender and pregnancy discrimination against her joint employers, AF and the Veterans Administration ("VA"). A jury trial was held and plaintiff received an award for non-economic damages from AF in the amount of $505,623. AF contended that this amount should be reduced because of the plaintiff's settlement with the VA in a related administrative action. AF argued that it was inconsistent for plaintiff to argue that VA and AF were joint employers but that the two were not jointly liable for the discrimination. The court held that AF had failed to cite authority requiring a non-settling defendant's right to set off a jury award for a Title VII claim where another defendant previously settled. *Id*. at 1041. Further, the court opined that given that one of the purposes of Title VII is to provide an opportunity for parties to reach voluntary settlement of employment discrimination disputes, such policy considerations arguably counsel against allowing set off in Title VII cases, even though this might result in duplicative recovery to the plaintiff. *Id.* at 1041 n.5. Likewise, the law of this jurisdiction also favors settlement of Title VII actions. *See, e.g., Rosso v. Foodsales, Inc.*, 500 F. Supp. 274 (E.D.Pa. 1988).

District courts in other circuits have taken a different approach to this issue. In *Goad v. Macon County*, 730 F.Supp. 1425 (M.D.Tenn. 1989), the Court addressed the issue of whether set off was available in cases involving Section 1983. The Court held that while Section 1983 provides for awards of damages for violations of civil rights, it does not address detailed damages questions

---

[5]The Court also reviewed the legislative history of Title VII, which does not provide guidance on this matter.

8

such as set off of settlement amounts. *Id.* at 1426. The Court also held that "neighboring 42 U.S.C. § 1988 does at least provide a basic analytical framework for resolving problems such as these." *Id.*; *see also Knoll v. Springfield Twp. School Dist.*, 699 F.2d 137 (3d. Cir. 1983) (applying Section 1988 analysis to question of statute of limitations in a Section 1983 action); *Karnes v. SCI Colorado Funeral Services, Inc.*, 162 F.3d 1077 (10th Cir. 1988) (applying Section 1988 analysis to claim for punitive damages under Title VII).[6]

Section 1988 provides that:

> The jurisdiction in civil... matters...shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in cases where they are not adapted to the object, or are deficient in the provision necessary to furnish suitable remedies... the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause.

42 U.S.C. § 1988.

Accordingly, in determining whether to apply Section 1988 in the context of this case, the court must first determine whether federal law addresses the question of settlement set off in Title VII actions. *Goad*, 730 F.Supp. at 1426. Next, the Court must determine the state law position on this issue. *Id*. Finally, the state law must be examined for consistency with federal law and

---

[6]The court in *Goad* disagreed with the Third Circuit's approach in *Miller*, which allows for set off in Section 1983 cases. The court opined that, in *Miller*, the Third Circuit "avoided a deficiency problem [in the federal law] by fashioning a federal common law remedy to fill the void on this damages question left by the civil rights statutes." *Id*. at 1428. The court declined to follow the ruling in *Miller* because it is not the law of the Sixth Circuit or of Tennessee. In addition, the Court of Appeals for the Fifth Circuit concurred with this result in *Dobson v. Camden*, 705 F.2d 759, 763 (5th Cir. 1983) (holding that if the civil rights statutory scheme "carried with it the power to generate common law rules, § 1988's reference to a federal law deficiency would make no sense.") (reversed on other grounds).

specifically, with the policies and purposes of Title VII. *Id.* If there is not an inconsistency between these two bodies of law, then the state law solution should be applied. *Id*.

At the outset, a review of federal law provides that set off is not available unless a basis for joint liability exists. *Id*; *see also Northwest*, 451 U.S. at 87-88. Under Pennsylvania law, joint liability requires an indivisible injury caused by the conduct of two or more people which cannot be apportioned. See, e.g., *Carrozza v. Greenbaum*, 916 A.2d 553, 566 n.21 (Pa. 2007); *Capone v. Donovan*, 480 A.2d 1249, 1251 (Pa. Super 1984) (citing Restatement (Second) of Torts § 879 (1977)). Joint liability may exist even where the individual defendants acted independently. *Capone*, 480 A.2d at 1251 (citing Restatement (Second) of Torts § 879 (1977)). Further, it is the indivisibility of the injury, rather than the culpability, that triggers joint liability. *Id*. Although she does not specifically plead in the Amended Complaint that the defendants are jointly liable for her alleged damages, Plaintiff's theory, repeatedly articulated on the record in this case, is that she was jointly employed by the Mercy Defendants and EMAP, and that through Dr. Macleod and others her joint employers (EMAP and the Mercy Defendants) discriminated against her as set forth in the Amended Complaint. Accordingly, it appears that the claims against EMAP and the Mercy Defendants are indivisible and therefore, set off may be appropriate in this case. *Goad*, 730 F.Supp. at 1426.

The Court must then consider whether federal law has addressed the issue of set off in Title VII cases. *Id*. As set forth in detail above, the federal law, as well as the legislative history of Title VII, are silent on the issue of the availability of set off to a nonsettling defendant in a Title VII action. Because no clear federal common law principle exists with respect to this issue, the Court must turn to the next step in the Section 1988 analysis, an examination of the law of the Commonwealth of Pennsylvania. *Id.* at 1430.

It is well settled under Pennsylvania common law that where one suffers injury through the mutual or concurrent act of two or more persons, they are jointly liable and can be sued for the damages sustained, jointly or severally at the option of the party injured. *Charles v. Giant Eagle Markets*, 522 A.2d 1, 6 (Pa. 1987). Further, under Pennsylvania law, joint and several liability as a principle of recovery for an indivisible injury caused by multiple tortfeasors "lies at the very heart of the common law of tort, and also has a solid foundation in Pennsylvania's statutory law." *Carrozza*, 916 A.2d at 565; *see also* Pennsylvania's Contribution Among Tort-Feasors Act, 42 Pa.C.S.A. § 8326 (the "Act") (providing for the allocation of responsibility among joint tortfeasors).

The Act provides that:

> A release by the injured person of one joint tort-feasor, whether before or after judgment, does not discharge the other tort-feasors unless the release so provides[7], but reduces the claim against the other tort-feasors in the amount of the consideration paid for the release or in any amount or proportion by which the release provides that the total claim shall be reduced if greater than the consideration paid.[8]

42 Pa.C.S.A. § 8326.[9]

Accordingly, Pennsylvania law contemplates set off in cases where joint liability exists. In fact, Pennsylvania courts routinely apply the concept of set off pursuant to the Act in tort cases where

---

[7]This Court reviewed Plaintiff's confidential settlement agreement with EMAP and Dr. MacLeod in camera and has determined that the Mercy Defendants were not discharged from this action pursuant to the same.

[8]In this case, the settlement agreement between Plaintiff, EMAP and Dr. MacLeod does not provide for an amount or proportion by which Plaintiff's claims against the Mercy Defendants shall be reduced. Accordingly, such claim will be reduced in an amount to be determined on hearing at the close of trial in this case.

[9]In *Goad*, the district court reviewed and applied a nearly identical statute and determined that the law of the state of Tennessee favored set off in the context of Section 1983 actions.

11

parties are jointly liable to a plaintiff. *See, e.g.*, *Baker v. ACandS*, 755 A.2d 664 (Pa. 2000). Applied to the case at hand, Pennsylvania law would require the Court to reduce any jury verdict against the Mercy Defendants by the amount paid to Plaintiff pursuant to the settlement agreement with EMAP and Dr. Macleod, if the jury finds that EMAP and the Mercy Defendants were indeed her joint employer, that Plaintiff's claims were timely, and that they discriminated against her.

**III.     Conclusion**

In light of the above analysis, the Mercy Defendants' Motion [DE 124] is DENIED. In addition, Plaintiff's Motion in Limine [DE 144] to preclude testimony regarding the settlement agreement is GRANTED. However, the Mercy Defendants' Motion to Compel [DE 90] is GRANTED to the extent that it seeks setoff. Following the conclusion of this case before the jury, and the entry of a jury verdict, upon renewed motion by the Mercy Defendants, the Court will apply set off in an amount to be determined after a hearing on said motion. Accordingly, notice of this Order is also to be provided to said former co-defendants through their counsel given their bargained for confidentiality of the terms and conditions of their settlement agreement with Plaintiff.

BY THE COURT:

 *s/ Nora Barry Fischer* 
 Nora Barry Fischer
 United States District Judge

cc: counsel of record